UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESUS TRINIDAD MARTINEZ, and MARIO PEREZ, | Case No.: 20 CV 9571 (GHW) |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| -against- | |
| A SPICE ROUTE INC., *dba* TANDOOR PALACE, and INDERJIT SINGH, and MANVEEN SINGH, individually, | |
| Defendants. | |

Plaintiffs, Jesus Trinidad Martinez and Mario Perez (collectively, "Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this First Amended Complaint against Defendants, A Spice Route Inc., *doing business as* Tandoor Palace Restaurant (herein, "Tandoor Palace"), located at 88 Fulton Street, New York, New York 10038; and Inderjit Singh and Manveen Singh, individually (all defendants herein collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages, minimum wages, and overtime compensation; (2) unpaid "spread of hours" premiums for each day they worked more than ten

(10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.  This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391, because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.  Plaintiffs are adult residents of New York City.

6.  At relevant times, Defendant, A Spice Route Inc., was and is a domestic business entity organized and existing under the laws of the State of New York, doing business as Tandoor Palace Restaurant, located at 88 Fulton Street, New York, New York 10038.

7.  At all times relevant to this action, the corporate defendant has been and is an Indian restaurant, preparing and selling food and drink to the general public

8.  The performance of Plaintiffs' job responsibilities was controlled by the corporate and individual defendants.

9.  At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

10. Defendant, Inderjit Singh, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendant, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendant and

acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

11. Defendant, Manveen Singh, is an owner, shareholder, officer, director, supervisor, managing agent, and / or proprietor of the corporate defendant, who actively participated, and continues to actively participate in the day-to-day operations of the corporate defendant and acted intentionally and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with the corporate defendant.

12. The individual defendant Manveen Singh, exercised control over the terms and conditions of Plaintiffs' employment in that she had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of her employees' employment.

13. The individual defendant Inderjit Singh, exercised control over the terms and conditions of Plaintiffs' employment in that he had and has the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiffs, and (v) otherwise affect the quality of his employees' employment.

14. Defendant Inderjit Singh exercised sufficient control over Tandoor Palace's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York Labor Law. He directed Plaintiffs' work, set their pay, and supervised them on a daily basis.

15. Defendant Manveen Singh exercised sufficient control over Tandoor Palace's day-to-day operations as to be considered an employer of Plaintiffs under the FLSA and New York Labor Law. She supervised and directed Plaintiffs, and she personally paid the Plaintiffs.

16. Upon information and belief, at all times relevant to the allegations in this Complaint, the corporate defendant, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

17. Defendants used food products, including grains, oils, vegetables, sauces, meat and fish, which were grown, produced, and/or processed outside the State of New York.

18. In connection with their employment, Plaintiffs handled food products which were grown, produced, and/or processed outside the State of New York.

19. Defendants procured cleaning supplies which were manufactured outside the State of New York.

20. In connection with their employment, Plaintiffs were required to use cleaning supplies, which were manufactured outside the State of New York.

21. At times relevant to this action, Defendants purchased supplies from, *inter alia*, BJs Wholesale Warehouse, for use in the restaurant.

22. In connection with their employment, Plaintiffs handled supplies which were purchased from BJs Wholesale Warehouse.

23. At all relevant times, Defendants' restaurant specialized preparing and selling to the general public, cuisine from India.

24. At all relevant times, Tandoor Palace, operated by a corporate entity, was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

25. At all relevant times, Defendant Tandoor Palace, through corporate entities, had gross volume of sales in excess of $500,000 per annum.

26. Defendants employed Plaintiffs in New York County, New York to work as non-exempt cooks, and kitchen assistants / general helpers / dishwashers, for Defendants' restaurant.

27. The work performed by Plaintiffs was directly essential to the business operated by Defendants.

28. The work performed by Plaintiffs was directly supervised and controlled by the individual defendants.

29. At relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

30. At relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages, minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

31. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

32. Defendants classified Plaintiffs as "independent contractors" for payroll purposes.

33. Defendants were required to furnish to Plaintiffs a statement with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

34. Defendants failed to furnish a statement to Plaintiffs, with every payment of wages, listing hours worked, rates paid, gross wages, allowances, if any, claimed as part of the minimum wage, deductions and net wages.

35. Defendants willfully kept inadequate records of the period of employment, hours worked, and compensation paid to the Plaintiffs.

36. Defendants did not keep track of Plaintiffs' daily working hours with a punch card system or other similar time keeping system to contemporaneously track and record start times, end times, and / or break times.

37. Prior litigation brought by former employees Erick Alcoser and Jose Juan Tepox, filed as civil case number 12 Civ. 2106, against Defendants, in the Southern District of New York, alleged similar violations of federal and New York State wage and hour laws.

38. Prior litigation brought by former employee Santiago Rocael Perez Ramirez, filed as civil case number 19 Civ. 7641, against Defendants, in the Southern District of New York, alleged similar violations of federal and New York State wage and hour laws.

39. Defendants were involved in prior lawsuits brought by other individuals alleging improper payment or non-payment of wages and overtime compensation, and yet did not correct their payroll practices.

40. Plaintiffs were not provided with proper documentation, in violation of Federal and New York State law.

41. Defendants knowingly, deliberately and/or voluntarily disregarded their obligation to pay wages and overtime compensation, to Plaintiffs.

42. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

### a. Plaintiff Jesus Trinidad Martinez

43. Plaintiff, Jesus Trinidad Martinez, was employed by defendants in New York County, New York, as a cook and kitchen preparation assistant, at Defendants' restaurant known as "Tandoor Palace" beginning in 2001, through September 26, 2020.

44. During Plaintiff Jesus Trinidad Martinez's employment by Defendants, he worked over forty (40) hours per week. Plaintiff generally worked six (6) days a week, and his work shift consisted of approximately eleven (11) hours on weekdays; and ten (10) hours on Saturdays, for a total of approximately sixty-five (65) working hours per week. Mr. Trinidad Martinez' hours were reduced in May 2020, to three (3) days per week.

45. Plaintiff Jesus Trinidad Martinez was not paid hourly, minimum wages for all hours worked, or overtime compensation.

46. Work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay as required by state and federal law.

47. During the relevant time period (constrained by a six (6) year statute of limitations), Plaintiff Jesus Trinidad Martinez was paid a set weekly salary of seven hundred fifty dollars ($750.00), by check.

48. Plaintiff Jesus Trinidad Martinez was always paid by check and was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

49. Plaintiff Jesus Trinidad Martinez did not punch a time clock or otherwise keep track of his working hours.

50. Plaintiff Jesus Trinidad Martinez was paid a set salary for all hours worked, during the course of his employment.

51. Plaintiff Jesus Trinidad Martinez was not a tipped employee.

### b. Plaintiff Mario Perez

52. Plaintiff, Mario Perez, was employed by defendants in New York County, New York, as a dishwasher, kitchen assistant, and occasional delivery person, at Defendants' restaurant known as "Tandoor Palace" beginning in 2014, through March 2020, with a one (1) month interruption in summer of 2018.

53. During Plaintiff Mario Perez's employment by Defendants, he worked over forty (40) hours per week. During most of his employment Plaintiff Mario Perez worked six (6) days a week, and his work shift consisted of approximately eleven (11) hours per shift, for a total of approximately sixty-six (66) working hours per week.

54. Plaintiff Mario Perez was not paid minimum wages, wages for all hours worked, or overtime compensation. In 2016 through 2018, Plaintiff Mario Perez was paid a set salary of four hundred fifty dollars ($450.00) per week, in cash. Prior to 2016, Plaintiff Mario Perez was paid a set salary of four hundred dollars ($400.00) per week.

55. Beginning in mid-2018, after a one (1) month hiatus, Plaintiff Mario Perez returned to Tandoor Palace Restaurant, and his hours were reduced to three (3) hours Mondays through Thursdays, and eleven (11) hours on Fridays and Sundays, for a total of thirty-four (34) working hours per week. During that time, Plaintiff Mario Perez was paid a salary of three hundred forty dollars ($340.00) per week.

56. Plaintiff Mario Perez was paid below New York State's legal minimum wage, and work performed above forty (40) hours per week was not paid at time and one-half the minimum wage / or where higher, Plaintiff's regular rate of pay, as required by state and federal law.

57. Plaintiff Mario Perez was not paid an overtime premium when he worked more than forty (40) hours per week, which was virtually every week he worked, prior to mid-2018.

58. Plaintiff Mario Perez did not punch a clock; or sign in and out; or otherwise record his daily working hours.

59. Plaintiff Mario Perez was paid partly in cash.

60. Plaintiff Mario Perez was not given an accurate weekly wage statement or other legally required documentation of his hours, hourly rate, and pay.

61. Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiffs with a written wage notice identifying their regular hourly rate of pay and corresponding overtime rate of pay.

62. Defendants are not entitled to take a "tip credit" under federal or state law because they: (i) failed to properly provide notice to Plaintiffs, that Defendants were taking a "tip credit"; (ii) failed to provide proper wage statements informing Plaintiffs, of the amount of "tip credit" taken for each payment period; (iii) required Plaintiff, to spend in excess of 20% of their work shift performing non-tipped work; (iv) Plaintiff's tips were not sufficient to meet the minimum wage requirements for the location in which it was performed; and (v) the purported tip credit, if one were claimed, was improper as far as the minimum wage was not paid, and as such, the tip credit was not applied correctly for the minimum wage and the overtime rates.

63. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit".

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "63" of this Amended Complaint, as if fully set forth herein.

65. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

66. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

67. Upon information and belief, at all relevant times, Defendant has had gross annual revenues in excess of $500,000.

68. Plaintiffs were entitled to be paid at a rate of at least minimum wage for every hour worked, and at the rate of time and one-half their regular rate of pay for all hours worked in excess forty (40) as provided for in the FLSA.

69. Defendant failed to pay Plaintiffs wages for all hours worked, minimum wages, and overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA

70. Even after resolving prior similar claims, Defendant continued a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

71. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for all hours worked, and by failing to compensate Plaintiffs at the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injure Plaintiffs.

72. Defendants did not keep track of Plaintiffs' working hours on a contemporaneous basis.

73. Records concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs in the possession and custody of the Defendants, are believed to be false, inaccurate, or incomplete, because Plaintiffs were not provided with written accountings of their weekly working hours, and the employer did not keep track of their working hours on a contemporaneous basis.

74. Defendant failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

75. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

76. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

77. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

78. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "77" of this Amended Complaint as if fully set forth herein.

79. At all relevant times Plaintiffs, were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

80. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them wages for all hours worked and overtime compensation at rates of not less than one and one-half times their regular rate, for each hour worked in excess of forty (40) hours in a workweek.

81. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay proper wages and overtime compensation.

82. Plaintiffs are entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act, as amended in 2011.

83. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day they worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

84. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid wages / minimum wages; overtime wages; "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al*. and § 198. Plaintiffs also seek liquidated damages pursuant to the New York Wage Theft Prevention Act.

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

85. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "84" of this Amended Complaint as if fully set forth herein.

86. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day (i.e., a "wage notice").

87. Plaintiffs were not provided with a proper, written, wage notice, as required by law.

88. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

89. Defendants did not provide Plaintiffs, with accurate written statements properly accounting for their actual hours worked and setting forth their true hourly rate of pay, regular wages, and/or overtime wages.

90. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

91. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate timesheets and payroll records.

92. Plaintiffs were not provided with true and accurate wage notices or wage statements as required by law.

93. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

94. Defendants' failure to provide an accurate annual wage notice entitles plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

95. As a result of Defendant's violations of New York Labor Law § 195(3), Plaintiffs may recover damages of one hundred dollars for each work week Defendants failed to provide Plaintiffs with wage notices, not to exceed a total of five thousand dollars ($5,000), together with costs and reasonable attorney's fees in accordance with New York Labor Law § 198 (1-d).

96. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of liquidated damages as a result of Defendants' failure to pay wages and overtime compensation, and "spread of hours" premiums, pursuant to the New York Labor Law;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
May 13, 2021

                            Respectfully submitted,

                            CILENTI & COOPER, PLLC
                            **Counsel for Plaintiffs**
                            10 Grand Central
                            155 East 44th Street – 6th Floor
                            New York, NY 10017
                            T. (212) 209-3933
                            F. (212) 209-7102

                            *s/ Peter Hans Cooper*

By:               _____
                            Peter Hans Cooper  (PHC 4714)